**FEDERAL TRADE COMMISSION, aka Seal 1, Plaintiff—Appellee,**

v.

**TREK ALLIANCE, INC., a corporation aka Seal A; et al., Defendants,**

and

**Jeffrey Kale Flagg, an individual, aka Seal D; et al., Defendants—Appellants.**

**Nos. 03–56271, 03–56320.**
**D.C. No. CV–02–09270–JSL.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 10, 2003.*

Decided Nov. 12, 2003.

John D. Jacobs, Federal Trade Commission, Los Angeles, CA, John F. Daly, Marilyn E. Kerst, Federal Trade Commission, Washington, DC, for Plaintiff–Appellee.

Jeffrey S. Wruble, Buchalter, Nemer, Fields & Younger, Los Angeles, CA, for Defendants/Defendants–Appellants.

D.J. Poyfair, Bennett L. Cohen, Shughart, Thomson & Kilroy, P.C., Denver, CO, for Defendants–Appellants.

Before KOZINSKI, SILVERMAN, and TALLMAN, Circuit Judges.

MEMORANDUM**

These consolidated preliminary injunction appeals come to us under Ninth Circuit Rule 3–3. We have jurisdiction under 28 U.S.C. § 1292(a)(1), and we affirm.

The district court did not abuse its discretion in issuing a preliminary injunction with asset freeze, appointment of a permanent receiver, and other equitable relief in its order filed June 24, 2003. *FSLIC v. Sahni,* 868 F.2d 1096, 1097 (9th Cir.1989) (reviewing decision regarding a preliminary injunction for abuse of discretion and holding that the proper standard for the district court to apply in deciding to issue a preliminary injunction freezing assets is likelihood of success on the merits and a possibility of dissipation). The June 24, 2003, order is therefore **AFFIRMED.**

We do not resolve whether the district court would, consistent with Fed.R.Civ.P. 62(c), have had jurisdiction during the pendency of the appeal from the June 24, 2003, order to grant any of the requests

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

for relief contained in the defendants' motion to modify the preliminary injunction, because we conclude that the district court did not abuse its discretion in deciding that modification of the June 24, 2003, order was not warranted in the circumstances, where most of the defendants' legal arguments regarding the limitations on the authority to freeze the defendants' assets were not raised in opposition to the motion for preliminary injunction. *Natural Resources Defense Council, Inc. v. Southwest Marine Inc.*, 242 F.3d 1163, 1168–69 (reviewing for abuse of discretion a district court's non-jurisdictional decisions on a motion to modify an injunction pending appeal of the injunction). In holding that the district court did not abuse its discretion, we express no opinion regarding the merits of defendants' statutory and constitutional challenges to the preliminary injunction and asset freeze. The order denying the motion to modify the preliminary injunction is therefore **AFFIRMED.**